**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

GARAGE DOOR PARTNERS, LLC,

Plaintiff,

v. Case No. 2:26-cv-324-KCD-KRH

METRO GARAGE DOOR, INC., L&W INSULATION & FIREPLACES, LLC, and DERRICK THOMPSON,

Defendants.

___________________________/

**ORDER**

This matter is before the Court on Defendants Metro Garage Door, Inc., L&W Insulation & Fireplaces, LLC, and Derrick Thompson's Renewed Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss the Amended Complaint. (Doc. 55). Plaintiff opposes the Motion. (Doc. 61). For the reasons explained below, the Court denies the Motion.

District courts have broad inherent discretion over how to manage their dockets. *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962); *Clinton v. Jones*, 520 U.S. 681, 706 (1997). One of the Court's tools in exercising that discretion is to stay discovery. *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion."); *see also* Fed. R. Civ. P. 26(c) (prohibiting discovery when it causes "undue burden or expense").

"Regarding motions to stay discovery, 'the moving party bears the burden of showing good cause and reasonableness.'" *Colon v. Moore & Van Allen PLLC*, No. 8:25-cv-1243-WFJ-LSG, 2025 WL 2930294, at *1 (M.D. Fla. Oct. 15, 2025) (citation omitted). The Court's analysis of good cause and reasonableness begins with "a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.* (citation omitted); *see also Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 842 (11th Cir. 2020) (same). Thus, courts may grant stays when "the preliminary peek shows 'a significant possibility' that the motion to dismiss will be granted." *Rokit World, Inc. v. Williams Grand Prix Eng'g Ltd.*, No. 3:24-cv-878-MMH-LLL, 2025 WL 1222467, at *2 (M.D. Fla. Apr. 28, 2025) (citation omitted).

To be sure, "the pendency of a motion to dismiss . . . will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion." Middle District Discovery (2021) at I.E.4. But "unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden." *Id.*; *see also Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005). Even so, "there is no general rule that discovery be stayed while a pending motion to dismiss is resolved." *Baytree, Condo., Section Eight, Inc. v. Clear Blue Specialty Ins.*, No. 6:22-cv-2041-ACC-EJK, 2023 WL 3819087, at *1 (M.D. Fla. June 5, 2023) (citation and internal quotations omitted). Certainly, "a stay pending resolution of a motion is rarely appropriate unless resolution of the motion would dispose of the discovery altogether." *Morris v. Woods*, No 5:25-cv-463-ACC-PRL,

2026 WL 295189 (M.D. Fla. Feb. 4, 2026). A "stay of discovery should be the exception rather than the rule." *Colon*, 2025 WL 2930294, at *1 (cleaned up).

With the law and record in mind, the Court finds that a stay of discovery is unwarranted here.

This is Defendants' second bite at the apple. The Court denied their first motion to stay because the Court had made "no finding on the merits" of the motion to dismiss and because, even if Defendants prevailed, Plaintiff might be allowed to amend. (Doc. 27 at 2–3). Defendants now say that both contingencies have since been resolved in their favor. They point out that the Court dismissed seventeen of eighteen counts, that Plaintiff then amended, and that the amendment supposedly fails to cure the defects. (Doc. 55 at 2, 7–9). From there, Defendants reason that the Court has already "substantially endorsed" the arguments they are now making again. (Doc. 55 at 9).

That interpretation, however, reads too much into the dismissal order. For starters, the Court dismissed a pleading that no longer exists. And it did so with leave to amend, which suggests the defects were curable, not fatal. (Doc. 44). Plaintiff has since repleaded, and the Amended Complaint now ties each of the contract counts to specific provisions of the agreements and adds detail about who said what to whom and when. (Doc. 49 ¶¶ 17–18, 55–57, 139, 154, 162, 170). Whether those additions are enough is a question for another day. The point is that a ruling on the old complaint says little about how the new one will fare.

What's more, a "preliminary peek" is essentially a gut reaction (albeit an educated one) on whether a dispositive motion is "clearly meritorious." *See, e.g.*, *Sprint Sols., Inc. v. Cell Xchange, Inc.*, 49 F. Supp. 3d 1074, 1078 (M.D. Fla. 2014). The renewed motion to dismiss raises, among other things, the statute of frauds, integration clauses, the duty to disclose, the independent tort doctrine, and the statute of limitations. (Doc. 55 at 8–9; Doc. 52). Those are contested questions. And several of Defendants' strongest points also rest on material outside the pleadings, such as Plaintiff's responses to requests for admission and deposition testimony cited in a pending Rule 11 motion. (Doc. 55 at 3, 8–9; Doc. 50). The Court often can't consider that material on a Rule 12(b)(6) motion. *See* Fed. R. Civ. P. 12(d). So it becomes even more of a stretch to stay discovery—which is already unusual and disfavored relief—in the context of these arguments. If anything, legal contentions that turn on what the evidence does or does not show offer reason to proceed with discovery, not pause it.

Defendants also say the burden is no longer speculative. (Doc. 55 at 10). Plaintiff has served 213 requests for production, and responding will cost "tens to hundreds of thousands of dollars." (Doc. 55 at 2, 9–10). The Court does not doubt that responding to those requests will take some effort. Even so, a sheer number of requests, on their own, is not a specific showing of undue burden. Defendants don't say which requests are burdensome or why. Whatever the costs turn out to be, they are the sort of generalized litigation expense that accompanies discovery whenever a non-frivolous motion to dismiss is pending. And, in any event, if Defendants find

particular requests to be burdensome, they may still file a motion to address that contention. *United States v. Physician Surgical Network, Inc.*, No. 6:20-cv-1582-WWB-EJK, 2022 WL 6163122, at *2 (M.D. Fla. Oct. 7, 2022) (denying a motion to stay discovery and finding that even though discovery can be costly and time consuming the defendant could "present a separate motion to address any 'unduly burdensome' discovery requests"). The Court agrees with Plaintiff that a blanket stay of discovery is not needed to address requests that may be disproportionate.

Defendants also argue that a stay won't prejudice Plaintiff because Plaintiff waited to serve discovery. (Doc. 55 at 11). That may be true. But it is Defendants who carry the burden at this stage, and the absence of prejudice to the other side does not create good cause. Delay has its own costs, too. "[W]hen discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Star Auto Sales of Bayside, Inc. v. Rosenfield & Co., PLLC*, No. 6:24-cv-1398-JSS-LHP, 2026 WL 1215005, at *2 (M.D. Fla. May 4, 2026) (citations omitted).

Defendants' alternative request fares no better. Defendants ask the Court to stay discovery on every claim and issue that was dismissed from the original complaint. That would limit discovery to the single tortious interference theory that survived the first motion to dismiss and the two employees connected to it. (Doc. 55 at 11–12). But the original complaint is gone. Discovery extends to matters relevant to "any party's claim or defense," Fed. R. Civ. P. 26(b)(1), and the claims

now in the case are those in the Amended Complaint. Limiting discovery to the claims that survived the first round would effectively grant the renewed motion to dismiss before Judge Dudek rules on it. Defendants' own position confirms the problem. They argue the tortious interference count should also be dismissed, and they say they can't tell which two employees it concerns. (Doc. 55 at 11 n.1). That isn't a workable line for limiting discovery.

At bottom, Defendants again fail to demonstrate "unusual circumstances" amounting to "a specific showing of prejudice or undue burden." Middle District Discovery (2021) at Section I.E.4. So this case does not present the rare circumstance of staying discovery pending ruling on a dispositive motion. *Id.*

**ORDERED:**

1. Defendants' Renewed Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss the Amended Complaint (Doc. 55) is **DENIED**.
2. Defendants must serve responses and any objections to Plaintiff's outstanding discovery **within thirty (30) days of this Order**.

In Fort Myers, Florida on October 14th, 2026.

Kevin R. Huguelet
United States Magistrate Judge